UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JHAIR RICSE MENDOZA,<br><br>        Petitioner,<br><br>v.<br><br>BRIAN HENKEY, Field Office Director of Enforcement and Removal Operations, Salt Lake City Immigration and Customs Enforcement Field Office; KENNETH PORTER, Director of the Boise Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>        Respondents. | Case No. 1-26-cv-00020-AKB<br><br>**MEMORANDUM DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Jhair Ricse Mendoza's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court denies the Petition without prejudice.

I.   INTRODUCTION

This case is one of many cases in this District brought by noncitizens without legal status, challenging the lawfulness of the Government's new policy mandating detention during the pendency of removal proceedings. In this District, the Honorable B. Lynn Winmill initially addressed this new policy in *Elias v. Knight*, No. 1:25-cv-00594-BLW, 2025 WL 3228262

(D. Idaho Nov. 19, 2025), and several other cases.[1] As Judge Winmill explained in those cases, the Supreme Court has recognized two distinct statutory schemes for detaining noncitizens. *Id.* at *1.

Section 1225 of Title 8 of the United States Code governs the detention of noncitizens who are "applicant[s] for admission" and are "seeking admission" into the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). That statute further divides applicants for admission into two categories: those covered by § 1225(b)(1) and those covered by § 1225(b)(2). *See Jennings*, 583 U.S. at 287. Section 1225(b)(1) applies to certain aliens initially determined to be inadmissible claiming a credible fear of persecution and provides that they "shall be detained for further consideration of the application for asylum" if they have "not been admitted or paroled into the United States." § 1225(b)(1)(A)(i)–(iii), (B)(ii). Section 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. With limited exceptions not relevant here, detention under both § 1225(b)(1) and (b)(2) is mandatory, and individuals detained under these provisions are not entitled to a bond hearing.

While § 1225(b) authorizes the Government to detain certain aliens *seeking admission into the country*, § 1226(a) "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). In

---

[1] The Court's decision in *Elias v. Knight*, No. 1:25-cv-00594-BLW, 2025 WL 3228262 (D. Idaho Nov. 19, 2025), is one of numerous decisions issued by the Honorable B. Lynn Winmill on November 19, 2025, which address the Government's new detention policy. These decisions are "substantially identical." *Elias*, 2025 WL 3228262, at *2 n.3. This Court finds the decisions in those cases persuasive in resolving this case. For brevity, however, this Court cites only to *Elias*.

**MEMORANDUM DECISION AND ORDER – 2**

other words, § 1226(a) sets out the "default rule" for noncitizens already present in the country, unless they are subject to §§ 1225(b)(1), 1226(c) or 1231. *Jennings*, 583 U.S. at 288–89, 298.

Despite this authority, the Board of Immigration Appeals decided in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sept. 5, 2025), that noncitizens who are present in the United States without admission are subject to § 1225(b)(2), regardless of whether they were already in the country for several years. Since that decision, the Department of Homeland Security (DHS) has been detaining noncitizens, who have resided in the United States for years, under § 1225(b)(2) rather than § 1226(a). As a result, these detainees are subject to mandatory detention without a bond hearing. An "overwhelming majority" of federal courts have held that § 1225(b)(2) does not apply to noncitizens who have been detained after living in the United States for years. *See Elias*, 2025 WL 3228262, at *1 n.1 (collecting cases).

In *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025), this Court agreed with the majority of federal courts ruling that § 1225(b)(2) does not apply to detain aliens who are already in the country and with Judge Winmill's analysis of the issues the Government raised in *Elias*. This case, however, presents a new issue: whether a noncitizen who was previously arrested and detained at the border, but later released from custody, is subject to § 1225(b), despite being in the United States for over two years.

## II.    BACKGROUND

Petitioner alleges he is a national of Peru who has lived in the United States since 2023 (Dkt. 1 at ¶¶ 1, 18). In August 2023, U.S. Customs and Border Protection (CBP) arrested and detained Petitioner at the southern border, processing him for expedited removal under § 1225(b)(1)(A) (Dkt. 7-1 at ¶ 5). During processing, Petitioner claimed fear of returning to Peru,

and United States Citizenship and Immigration Services (USCIS) conducted a credible fear interview and determined his claim of fear was credible (Dkt. 2-1 at 6; Dkt. 7-1 at ¶¶ 5–7). Petitioner was then issued a Notice to Appear (NTA), which initiated removal proceedings under § 1229a. On August 9, Petitioner was released into the United States (Dkt. 2-1 at 6) and an initial hearing in his removal proceedings was scheduled for October 13 (Dkt. 7-1 at ¶ 8). Petitioner then filed an Application for Asylum and for Withholding of Removal with the Executive Office of Immigration Review (EOIR) on July 12, 2024 (Dkt. 7-1 at ¶ 10; Dkt. 2-1 at 6).

On January 13, 2026, Immigration and Customs Enforcement (ICE) agents took custody of Petitioner while he was detained at the Canyon County Jail in Caldwell, Idaho, for driving under the influence (Dkt. 1 at ¶ 1; Dkt. 7-1 at ¶¶ 14, 16). Petitioner is currently being detained at the Elmore County Detention Center in Mountain Home, Idaho (Dkt. 1 at ¶ 18). He contends his detention is unlawful because DHS and the EOIR have determined he is subject to mandatory detention without the possibility of bond under § 1225(b)(2) (*id.* at ¶¶ 2, 5). He also requests a TRO (Dkt. 2).

The Government challenges the Petition and opposes Petitioner's request for a TRO (Dkt. 6). It asserts that Petitioner is "mandatorily detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii)" (Dkt. 7 at 2). Alternatively, it contends Petitioner is subject to mandatory detention under § 1225(b)(2) as "an applicant for admission" (Dkt. 7 at 4). It argues that Petitioner's credible fear of persecution distinguishes this case from the other cases in which the courts have concluded detention under § 1225(b)(2) is improper (*id.*). In support, the Government submits the declaration of a supervisory detention and deportation officer assigned to Petitioner's case (Dkt. 7-1).

**MEMORANDUM DECISION AND ORDER – 4**

Otherwise, the Government rests on its prior briefing in *Guadarrama Ayala* challenging jurisdiction and arguing detention is mandatory (Dkt. 6 at 2 n.1). Because the Government's arguments here are identical to those this Court rejected in *Guadarrama Ayala*, the Court incorporates by reference and adopts its analysis and rulings in *Guadarrama Ayala* and addresses only the Government's argument specific to Petitioner in this case.

### III.   ANALYSIS

Here, the Government contends that Petitioner's credible fear of persecution subjects him to mandatory detention under § 1225(b)(1)(B)(ii) (Dkt. 7 at 3). That statute provides that an alien whom an officer finds has a credible fear of persecution "shall be detained for further consideration of the application for asylum," unless that alien has "been admitted or paroled into the United States." § 1225(b)(1)(B)(ii), (2)(A).

Although it is undisputed that CBP released Petitioner and placed him in removal proceedings under § 1229a, the Government argues he is still deemed to be pursuing the asylum claim that arose in expedited removal proceedings under § 1225(b)(1) (Dkt. 7 at 3). Petitioner contends that once a noncitizen is paroled, § 1225(b)(1) no longer governs his detention. *See* § 1225(b)(1) (explaining that § 1225(b)(1) applies to an alien "who has not been admitted or paroled into the United States"). Petitioner is correct. An alien who has been paroled is subject to detention under § 1226(a)—not § 1225(b)(1)—because parole disqualifies a noncitizen from § 1225(b)(1)(B)(ii)'s grasp. *See N.A. v. Larose*, No. 25-cv-2384, 2025 WL 2841989, at *6 (S.D. Cal. Oct. 7, 2025) (concluding petitioner who had previously been paroled "did not qualify for mandatory detention under [section] 1225(b)(1)(B)(ii)"); *Aviles-Mena v. Kaiser*, No. 25-CV-06783, 2025 WL 2578215, at *5 (N.D. Cal. Sept. 5, 2025) (holding that parole through

§ 1182(d)(5)(A) resulted in petitioner no longer being "subject to expedited removal under § 1225(b)(1)").

Petitioner has not, however, established that he was paroled. Petitioner does not clearly address this point, stating only at the end of his reply that, "at the time of Petitioner's detention, he was not an arriving alien, [and] he had already been *paroled or released* into the United States" (Dkt. 10 at 5) (emphasis added). The Government, on the other hand, asserts that "Petitioner was never inspected and admitted or paroled into the United States" (Dkt. 7-1 at ¶ 9). In light of these contradicting factual assertions, the Court cannot conclude that Petitioner was paroled.

Absent a record showing whether Petitioner was paroled, the Court cannot evaluate the applicability of § 1225(b)(1)(B)(ii) or § 1226(a). If Petitioner was paroled, then § 1226(a) applies and his continued detention is unlawful for the reasons articulated in *Guadarrama Ayala*, 2025 WL 3754138, at *3–5. If Petitioner was not paroled, however, then § 1225(b)(1)(B)(ii) mandates Petitioner's detention "for further consideration of [his] application for asylum." Based on the current record, the Court denies Petitioner's petition for habeas relief and motion for temporary restraining order without prejudice. The Court grants Petitioner leave to cure the deficiency by filing proof establishing he was paroled. If Petitioner fails to file alleged proof within twenty days, this case may be dismissed with prejudice and without further notice.

### IV.    ORDER

**IT IS ORDERED that:**

1. Petitioner's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1) is **DENIED WITHOUT PREJUDICE**. Petitioner may file supplemental briefing that resolves the deficiencies the Court has identified in this Order within **twenty (20) days** of the issuance of this

order. Failure to submit supplemental briefing within this timeframe may result in full dismissal of this case with prejudice and without further notice.

2. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED WITHOUT PREJUDICE**.

DATED: January 29, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge