UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JHAIR RICSE MENDOZA,<br><br>       Petitioner,<br><br>v.<br><br>BRIAN HENKEY, Field Office Director of Enforcement and Removal Operations, Salt Lake City Immigration and Customs Enforcement Field Office; KENNETH PORTER, Director of the Boise Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>       Respondents. | Case No. 1-26-cv-00020-AKB<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR HABEAS CORPUS** |

On January 29, 2026, the Court denied Petitioner Jhair Ricse Mendoza's Petition for Writ of Habeas Corpus (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2), and asked for supplemental briefing to clarify the manner of his release (Dkt. 11 at 6–7). Petitioner submitted supplemental briefing on February 13, explaining that although his A-File,[1] did not contain any release documents other than his Notice to Appear (NTA) (Dkt. 12-2 at 2), he had to have been paroled because no other mechanism for release exists for aliens who have been detained under 8 U.S.C. § 1225(b) (Dkt. 12 at 2, 6, 8).

---

[1] An A-File is an official immigration record containing all records and documents related to the alien maintained by United States Customs and Immigration Services (USCIS). *See United States v. Blanco-Gallegos*, 188 F.3d 1072, 1075 & n.2 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER GRANTING PETITION – 1**

As the Court previously explained, an alien who is paroled is subject to detention under § 1226(a)—not § 1225(b)(1)—because parole disqualifies a noncitizen from § 1225(b)(1)(B)(ii)'s grasp (Dkt. 11 at 5). Petitioner's NTA charges him as being "an alien present in the United States who has not been admitted or paroled" (Dkt. 12-3 at 1). That does not necessarily mean that he was not paroled at a later date. But standing alone, it does not resolve how Petitioner was actually released.

Under § 1225(b)(1)(B)(ii), an alien pursuing asylum whom an officer finds has a credible fear of persecution "shall be detained for further consideration of the application for asylum." The only exception to the mandatory detention required by § 1225 is temporary release on parole "for urgent humanitarian reasons or significant public benefit" under § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018). Indeed, the Supreme Court noted that the "express exception to detention implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." *Id.* Thus, if Petitioner was detained under § 1225(b)(1)(A), which the Government claims he was (Dkt. 7-1 ¶ 5), then the only circumstances under which he could have been released was parole under § 1182(d)(5)(A).

This result is bolstered by Immigration and Customs Enforcement (ICE) policy regarding parole of arriving aliens found to have a credible fear of persecution or torture, which likewise contemplates that a qualifying alien whose identity is confirmed and is neither a flight risk nor a danger to the community should be paroled "on the basis that his or her continued detention is not in the public interest." (Dkt. 12-6 ¶ 6.2). The Government does not dispute that Petitioner was found to have had a credible fear of return to Peru, nor does it provide any alternative basis for his release (Dkt. 7-1 ¶ 7). Therefore, the Court finds that sufficient evidence exists to support a finding that Petitioner was paroled into the United States. *See also* Memorandum Decision and Order,

*Vences Beltran v. Henkey*, No. 25-cv-00733-DCN (D. Idaho Jan. 30, 2026), Dkt. 11 at 11 (noting the alien-petitioner was "'paroled' in the more common parlance because he was not admitted into the United States, but was, nevertheless, allowed to enter and 'roam the country' freely"). Accordingly, the Court grants Petitioner's petition for habeas corpus relief and orders his immediate release from custody.

## ORDER

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: February 17, 2026

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge